IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAWRENCE GENE PAGE, #1075254, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:10-CV-1290-K |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Div., | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court, this case has been referred for findings, conclusions, and recommendation.

**I.   BACKGROUND**

Petitioner Lawrence Gene Page, a state prisoner, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is presently confined within the Texas Department of Criminal Justice, Correctional Institutions Divisions (TDCJ-CID) in Colorado, Texas. Respondent is the Director of TDCJ. The court did not issue process in this case pending preliminary screening.

Petitioner was convicted of assault on a public servant and sentenced to twenty-five years imprisonment. *State v. Page*, No. F01-01877 (195th Judicial Dist. Court, Dallas County, Nov. 29, 2001). No appeal was taken. Thereafter, Petitioner unsuccessfully challenged his conviction in state and federal habeas corpus proceedings. *See Page* v. *Dretke,* 2004 WL 1614921 (N.D. Tex. Jul. 16, 2004)(No. 3-03-CV-2741-G consolidated with 3:03-CV-2743-G), *rec. adopted,*

2004 WL 1753233 (N.D. Tex. Aug. 3, 2004), *COA denied,* No. 04-11024 (5th Cir. Feb. 28, 2005), *cert. denied,* 546 U.S. 836 (2005).  More recently, Petitioner sought leave to file a successive habeas petition in the district court and the United States Court of Appeals for the Fifth Circuit.  Both courts denied his motion.  *See In re Page,* No. 10-10289 (5th Cir. Jun. 8, 2010); *Page v. Thaler*, 3:10-CV-0577-G (N.D. Tex. Mar. 22, 2010).

In the present action, Petitioner again seeks to challenge his conviction for assault on a public servant.  He alleges his conviction was obtained by the use of evidence gained through an unconstitutional search and seizure, the prosecutor failed to disclose evidence favorable to the defendant, and defense counsel operated under a conflict of interest.[1]

## II.  ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a petitioner may file a second or successive application for federal habeas relief.  *See* 28 U.S.C. § 2244(b).  In general, to raise a new claim, the petitioner must show that the successive application is based on:  (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense.

---

[1] Contemporaneously with the filing of this case, Petitioner filed a habeas petition challenging his conviction for possession with intent to deliver a controlled substance, for which he was sentenced to ten years imprisonment.  *See Page v. Thaler*, 3:10-CV-1273-O (N.D. Tex. filed).  On July 2, 2010, Magistrate Judge Jeff Kaplan recommended that the petition be dismissed for want of jurisdiction pending review by a three-judge panel of the court of appeals.  *Id.*

Petitioner failed to submit a motion for leave to proceed *in forma pauperis* with either of his federal petitions.  To conserve judicial resources, and due to lack of jurisdiction, the magistrate judge does not require Petitioner to submit a motion to proceed *in forma pauperis* in this case.

*See* 28 U.S.C. § 2244(b)(2).

Before a petitioner may file his application in the district court, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B). In *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000), the Fifth Circuit held that § 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the Fifth Circuit has granted the petitioner permission to file such a petition. *See also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

The Fifth Circuit has not issued an order authorizing the court to consider the successive petition in this case. Petitioner must obtain such an order before he can file a second petition for habeas relief under § 2254 challenging his underlying criminal conviction. Therefore, the petition should be dismissed for want of jurisdiction. Such a dismissal, however, is without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the Fifth Circuit Court of Appeals pursuant to § 2244(b)(3)(A). *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (setting out requirements for filing motion seeking authorization to file a successive habeas petition in the Fifth Circuit Court of Appeals).

### III.  RECOMMENDATION

For the foregoing reasons it is recommended that the petition for writ of habeas corpus be **DISMISSED** for want of jurisdiction, but without prejudice to Petitioner's right to file a motion for leave to file a second or successive habeas petition in the United States Court of Appeals for

the Fifth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A).

SIGNED July 12, 2010.

								_____
								RENÉE HARRIS TOLIVER
								UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


								_____
								RENÉE HARRIS TOLIVER
								UNITED STATES MAGISTRATE JUDGE